UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

HOLLY SHALOM,

                       Plaintiff,

    - against -

HUNTER COLLEGE OF THE CITY
UNIVERSITY OF NEW YORK, and
PAUL CASCELLA, MARILYN AUERBACH,
and SUDI SHAYESTEH (in their individual
and official capacities),

                       Defendants.

------------------------------------------------------------X

**CITY UNIVERSITY OF NEW YORK'S ANSWER TO THE AMENDED COMPLAINT**

13 Civ. 4667 (SAS)

**ORIGINAL FILED BY ECF**

Defendant THE CITY UNIVERSITY OF NEW YORK[1] ("CUNY") by its attorney ERIC T. SCHNEIDERMAN, Attorney General for the State of New York, answers the Amended Complaint as follows:

CUNY denies the allegations contained in each unnumbered heading contained in the Amended Complaint, except admits that the Amended Complaint purports to set forth claims against it.

CUNY denies any allegations in the Amended Complaint that are not specifically addressed herein.

## Jurisdiction And Venue

1.      Denies the allegations contained in paragraph "1" of the Amended Complaint,

---

[1] CUNY is the only properly named institutional defendant in this action. Hunter College is a senior college within the CUNY system, with no separate legal existence. See N.Y. Educ. L. §§ 6202(2), 6203, 6206; see also Clissuras v. City Univ. of N.Y., 359 F.3d 79, 81 n. 2 (2d Cir. 2004) (per curiam) (noting that CUNY's senior colleges have no legally cognizable existence apart from CUNY), cert. denied, 543 U.S. 987 (2004); Weinbaum v. Cuomo, 219 A.D.2d 554, 555 n. 1 (1st Dep't 1995) (listing CUNY senior colleges including Hunter College).

except admits that plaintiff Holly Shalom ("Plaintiff") purports to proceed under the statutes set forth therein, and refers to the statutes and constitutional provisions cited therein for a more complete and accurate statement of their contents.

2.   Admits that Plaintiff purports to proceed on the jurisdictional bases set forth in paragraph "2" of the Amended Complaint, and refers to the statutes cited therein for a more complete and accurate statement of their contents.

3.   Denies the allegations contained in paragraph "3" of the Amended Complaint, except admits that this action is properly venued in the Southern District of New York, and refers to the statute cited therein for a more complete and accurate statement of its contents.

### Parties

4.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "4" of the Amended Complaint.

5.   Denies the allegations contained in paragraph "5" of the Amended Complaint, except admits that Hunter College is a CUNY senior college located at 695 Park Avenue, New York, New York 10021, and refers to N.Y. Education Law §§ 6201 et seq. for a more complete and accurate statement of the structure and governance of CUNY and its senior colleges.

6.   Denies the allegations contained in paragraph "6" of the Amended Complaint, except admits that: (1) from September 2009 to June 30, 2013, Paul Cascella ("Cascella") served as Director of the Communication Sciences Program at Hunter College; (2) effective July 1, 2013, the Communications Sciences Program was renamed the Department of Speech-Language Pathology and Audiology and Cascella was appointed as Chair of the Department of Speech-Language Pathology and Audiology; and (3) while Cascella is on sabbatical leave for 2013-2014 academic year, Nancy Eng is performing the duties of Chair of the Department of Speech-

Language Pathology and Audiology.

7. Denies the allegations contained in paragraph "7" of the Amended Complaint, except admits that, since September 2007, Marilyn Auerbach ("Auerbach") has served as Acting Senior Associate Dean of the School of Health Sciences at Hunter College.

8. Denies the allegations contained in paragraph "8" of the Amended Complaint, except admits that Sudi Shayesteh ("Shayesteh") is the Director of the Office of Accessibility at Hunter College.

## Background Facts

9. Admits the allegations contained in paragraph "9" of the Amended Complaint.

10. Denies the allegations contained in paragraph "10" of the Amended Complaint, except admits that Donald Vogel ("Vogel") is employed as Clinic Director of the Hunter College Center for Communication Disorders and discharged the duties of Clinic Director for students, including Plaintiff, enrolled in COMSC 728 (Clinical Practicum in Speech-Language Pathology) in Spring 2010, and for students, including Plaintiff, enrolled in COMSC 729 (Clinical Practicum in Speech-Language Pathology I) in Fall 2010.

11. Denies the allegations contained in paragraph "11" of the Amended Complaint, except admits that, in Spring 2010, Plaintiff enrolled in a clinical practicum for which Vogel discharged the duties of Clinic Director, and refers to Plaintiff's academic transcript at Hunter College and other academic records for a more complete and accurate statement of Plaintiff's academic performance prior to the Spring 2010 semester.

12. Denies the allegations contained in paragraph "12" of the Amended Complaint.

13. Denies the allegations contained in paragraph "13" of the Amended Complaint.

14. Denies the allegations contained in paragraph "14" of the Amended Complaint.

15.     Denies the allegations contained in paragraph "15" of the Amended Complaint, except admits that Plaintiff received a failing grade ("No Credit") in COMSC 728 (Clinical Practicum in Speech-Language Pathology) at the end of the Spring 2010 semester.

16.     Denies the allegations contained in paragraph "16" of the Amended Complaint, except admits that Plaintiff appealed her failing grade in COMSC 728 (Clinical Practicum in Speech-Language Pathology) in accordance with Hunter College's grade appeals procedure, and refers to Plaintiff's written grade appeal, dated June 18, 2010, for a more complete and accurate statement of its contents.

17.     Denies the allegations contained in paragraph "17" of the Amended Complaint, except admits that the grade appeals committee convened by the Acting Senior Associate Dean of the School of Health Sciences voted to grant the appeal and awarded Plaintiff academic credit for COMSC 728 (Clinical Practicum in Speech-Language Pathology).

18.     Denies the allegations contained in paragraph "18" of the Amended Complaint.

19.     Denies the allegations contained in paragraph "19" of the Amended Complaint, except denies knowledge or information regarding alleged compliments Plaintiff received from supervisors, and admits that, in the Fall 2010 semester, Plaintiff enrolled in COMSC 729 (Clinical Practicum in Speech-Language Pathology I).

20.     Denies the allegations contained in paragraph "20" of the Amended Complaint, and refers to the emails cited therein for a more complete and accurate statement of their contents.

21.     Denies the allegations contained in paragraph "21" of the Amended Complaint.

22.     Denies the allegations contained in paragraph "22" of the Amended Complaint.

23.     Denies the allegations contained in paragraph "23" of the Amended Complaint,

except admits that Plaintiff received a failing grade ("No Credit") in COMSC 729 (Clinical Practicum in Speech-Language Pathology I) at the end of the Fall 2010 semester, and refers to Plaintiff's emails to Cascella and Auerbach in the Fall 2010 semester for a more complete and accurate statement of their contents.

24. Denies the allegations contained in paragraph "24" of the Amended Complaint, except admits that a grade appeals committee convened by the Acting Senior Associate Dean of the School of Health Sciences voted to deny Plaintiff's appeal of her failing grade in COMSC 729 (Clinical Practicum in Speech-Language Pathology I), and, as a result, Plaintiff was required to repeat COMSC 729 (Clinical Practicum in Speech-Language Pathology I) in accordance with the "Academic Standards for COMSC Students" set forth in the Hunter College Center for Communication Disorders Clinic Handbook.

25. Denies the allegations contained in paragraph "25" of the Amended Complaint, except admits that Plaintiff commenced an Article 78 proceeding to challenge the denial of her appeal of the failing grade she received in COMSC 729 (Clinical Practicum in Speech-Language Pathology I) and that the Article 78 proceeding was resolved by stipulation, and refers to the Stipulation and Order, dated February 2, 2012, for a more complete and accurate statement of its contents.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "26" of the Amended Complaint.

27. Denies the allegations contained in paragraph "27" of the Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations therein concerning "false allegations" made by Lea Borenstein ("Borenstein").

28. Denies the allegations contained in paragraph "28" of the Amended Complaint,

and refers to the emails cited therein for a more complete and accurate statement of their contents.

29. Denies the allegations contained in paragraph "29" of the Amended Complaint, except admits that Plaintiff wrote a letter to Cascella on March 14, 2012 "requesting to withdraw from the clinical practicum and return to my leave of absence for the remainder of this semester," and refers to the letter for a more complete and accurate statement of its contents.

30. Denies the allegations contained in paragraph "30" of the Amended Complaint, except admits that, on or about March 22, 2012, an attorney representing Plaintiff sent a letter to Assistant Attorney General Steven L. Banks, and refers to the letter for a more complete and accurate statement of its contents.

31. Denies the allegations contained in paragraph "31" of the Amended Complaint, except admits that, on or about March 23, 2012, Plaintiff was provided her midterm review for COMSC 729 (Clinical Practicum in Speech-Language Pathology I) that included evaluations of her clinical work by Borenstein and Cascella, and refers to the written midterm evaluations and Plaintiff's response thereto for a more complete and accurate statement of their contents.

32. Denies the allegations contained in paragraph "32" of the Amended Complaint, except admits that, on March 29, 2012, Plaintiff's attorney submitted a psychological evaluation to Hunter College in support of Plaintiff's request for a medical leave of absence, and refers to the psychological evaluation for a more complete and accurate statement of its contents.

33. Denies the allegations contained in paragraph "33" of the Amended Complaint, except admits that, on April 6, 2012, Plaintiff was notified by email from Lisa Hochstadt, an attorney in Hunter College's Office of Legal Affairs, that Plaintiff's request for a leave of absence would be granted from April 2012 until the start of the Fall 2012 semester, and refers to

Lisa Hochstadt's email for a more complete and accurate statement of its contents, and, further, refers to the Hunter College Center for Communication Disorders Clinic Handbook for a more complete and accurate statement of the Hunter College Center for Communication Disorders Clinic's policy regarding the handling and confidentiality of diagnostic records.

34. Denies the allegations contained in paragraph "34" of the Amended Complaint, except admits that, on April 10, 2012, Auerbach sent Plaintiff an email regarding Plaintiff's request for a medical leave of absence, and refers to Auerbach's email and to "Hunter's own rules and regulations" cited therein for a more complete and accurate statement of their contents.

35. Denies the allegations contained in paragraph "35" of the Amended Complaint, except denies knowledge or information concerning Plaintiff's alleged condition.

36. Denies the allegations contained in paragraph "36" of the Amended Complaint, except admits that Plaintiff served Hunter College with a Notice of Claim dated June 24, 2012, and refers to the Notice of Claim for a more complete and accurate statement of its contents.

37. Denies the allegations contained in paragraph "37" of the Amended Complaint, except admits that, by letter dated August 21, 2012, Plaintiff's attorney transmitted to Hunter College a psychological report concerning Plaintiff, and refers to the psychological report for a more complete and accurate statement of its contents.

38. Denies the allegations contained in paragraph "38" of the Amended Complaint, except admits that Shayesteh is the Director of the Office of Accessibility at Hunter College.

39. Denies the allegations contained in paragraph "39" of the Amended Complaint, except admits that, on August 29, 2012, Plaintiff met with Shayesteh, Cascella, and Auerbach regarding her requests for accommodation and that, at the meeting, additional information was requested from Plaintiff concerning her requested accommodations.

40. Denies the allegations contained in paragraph "40" of the Amended Complaint, except admits that, on August 31, 2012, Plaintiff wrote an email to Cascella with information regarding her requested accommodations, and refers to the email for a more complete and accurate statement of its contents.

41. Denies the allegations contained in paragraph "41" of the Amended Complaint, except admits that, on August 25, 2012, Plaintiff's attorney was notified of Hunter College's response to Plaintiff's requested accommodations, and refers to the August 25, 2012 email to Plaintiff's attorney and the attachment thereto for a more complete and accurate statement of their contents.

42. Denies the allegations contained in paragraph "42" of the Amended Complaint, except admits that, by letter dated September 30, 2012, Plaintiff requested that Shayesteh reconsider the requested accommodations, and refers to the letter for a more complete and accurate statement of its contents.

43. Denies the allegations contained in paragraph "43" of the Amended Complaint.

44. Admits, on information and belief, the allegations contained in paragraph "44" of the Amended Complaint, and refers to the complaint cited therein for a more complete and accurate statement of its contents.

45. Denies the allegations contained in paragraph "45" of the Amended Complaint, except admits that, on December 17, 2012, Plaintiff notified Cascella that she would be requesting a leave of absence for the Spring 2013 semester.

46. Denies the allegations contained in paragraph "46" of the Amended Complaint, except admits that, by letter dated January 4, 2013, Cascella notified Plaintiff that her request for a leave of absence for the Spring 2013 semester was denied, and refers to Cascella's letter for a

more complete and accurate statement of its contents.

47. Denies the allegations contained in paragraph "47" of the Amended Complaint, and refers to Plaintiff's communications to Hunter College officials after January 4, 2013, and any response thereto, for a more complete and accurate statement of their contents.

48. Denies the allegations contained in paragraph "48" of the Amended Complaint, except admits that Plaintiff submitted a letter to Hunter College, dated January 14, 2013, from a psychologist, and refers to this letter for a more complete and accurate statement of its contents.

49. Denies the allegations contained in paragraph "49" of the Amended Complaint.

50. Denies the allegations contained in paragraph "50" of the Amended Complaint.

## Claims For Relief

51. Denies the allegations contained in paragraph "51" of the Amended Complaint, except admits that Plaintiff purports to assert the claims asserted therein against CUNY.

52. Denies the allegations contained in paragraph "52" of the Amended Complaint, except admits that Plaintiff purports to assert the claims asserted therein against the individually named defendants.

53. Denies the allegations contained in paragraph "53" of the Amended Complaint, except admits that Plaintiff purports to assert the claims asserted therein against the individually named defendants.

## AS AND FOR A FIRST DEFENSE

54. The Amended Complaint fails to state a claim upon which relief may be granted.

## AS AND FOR A SECOND DEFENSE

55. Plaintiff's claims under 42 U.S.C. § 1983 against CUNY and against the

individually named defendants in their official capacities are barred by the Eleventh Amendment to the United States Constitution.

### AS AND FOR A THIRD DEFENSE

56.     Some or all of Plaintiff's claims may be barred under the applicable statute of limitations.

### AS AND FOR AN FOURTH DEFENSE

57.     All decisions made by CUNY with respect to Plaintiff were made for legitimate, non-discriminatory and non-retaliatory reasons.

### AS AND FOR A FIFTH DEFENSE

58.     Insofar as Plaintiff seeks punitive damages against CUNY with respect to her Title IX claims, punitive damages are not available against governmental entities under that statute.

### AS AND FOR A SIXTH DEFENSE

59.     Any injuries or damages alleged in the Amended Complaint were caused, in whole or in part, by Plaintiff's own culpable or negligent conduct.

### AS AND FOR A SEVENTH DEFENSE

60.     Any injuries or damages alleged in the Amended Complaint were caused, in whole or in part, by the culpable or negligent conduct of a third party.

### AS AND FOR A EIGHTH DEFENSE

61.     Plaintiff's claims for damages are barred to the extent that she has failed to mitigate.

## AS AND FOR A NINTH DEFENSE

62. Plaintiff has failed to exhaust her available administrative remedies with respect to some or all of her claims.

## AS AND FOR AN TENTH DEFENSE

63. This Court lacks subject matter jurisdiction over some or all of Plaintiff's claims.

WHEREFORE, defendant CUNY demands judgment dismissing the Amended Complaint, together with costs and disbursements and reasonable attorney's fees, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
September 4, 2013

ERIC T. SCHNEIDERMAN
Attorney General of the
 State of New York
Attorney for Defendant CUNY
By:


   s/Steven L. Banks
STEVEN L. BANKS
Assistant Attorney General
120 Broadway - 24th Floor
New York, New York  10271
(212) 416-8621


TO: WHITE, RICOTTA & MARKS, P.C.
Attorneys for Plaintiff
86-12 37th Avenue, Second Floor
Jackson Heights, New York  11372
(347) 464-8694