

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

ERIC T. SCHNEIDERMAN
Attorney General

(212) 416-8621

KENT T. STAUFFER
Executive Deputy Attorney General
Division of State Counsel

LISA R. DELL
Assistant Attorney General in Charge
Litigation Bureau

March 28, 2014

**BY ECF**
Honorable Shira A. Scheindlin
United States District Judge
United States Courthouse
500 Pearl Street
New York, New York  10007

      RE:    <u>Holly Shalom v. Hunter College, et al.</u>, 13 Civ. 4667 (SAS)(FM)

Your Honor:

      The Office of the Attorney General of the State of New York represents defendants The City University of New York ("CUNY"), Marilyn Auerbach, and Sudi Shayesteh[1] (collectively "Defendants").  Pursuant to Your Honor's Individual Rules and Procedures, Defendants submit this letter to request a pre-motion conference prior to filing a motion for summary judgment.

      Plaintiff Holly Shalom ("Plaintiff"), a female graduate student at CUNY's Hunter College, asserts claims against CUNY under Title IX of the Education Amendments of 1972 ("Title IX"), 20 U.S.C. § 1681 <u>et seq.</u>, for alleged harassment and retaliation, and claims under 42 U.S.C. § 1983 against three CUNY employees in their individual capacities for violation of "her constitutional rights, as secured by the Fourteenth Amendment to the United States Constitution" in denying her requests for an accommodation for her disabilities.

      **Relevant Facts.**  In the Fall 2009 semester, Plaintiff enrolled in Hunter College's graduate level program in speech language pathology ("SLP Program").  Students in the SLP Program are trained to become speech-language pathologists--healthcare professionals responsible for diagnosing, treating, and helping to prevent oral motor, swallowing, cognitive-

---

[1]  While the caption identifies Hunter College as a separate defendant this action, Hunter is a senior college within the CUNY system, with no separate legal existence.  <u>See</u> N.Y. Educ. L. §§ 6202(2), 6203, 6206; <u>see also</u> <u>Clissuras v. City Univ. of N.Y.</u>, 359 F.3d 79, 81 n. 2 (2d Cir. 2004) (<u>per curiam</u>), <u>cert.</u> <u>denied</u>, 543 U.S. 987 (2004). Further, the other individual defendant identified in the caption, Paul Cascella, has taken sabbatical leave for the 2013-2014 academic year, and, consequently, he has not been served.

Honorable Shira A. Scheindlin                                                    Page 2
March 28, 2014

linguistic, fluency, speech, language, and hearing disorders.  To complete the SLP Program, among other requirements, students are required to successfully complete a minimum of 400 hours directly working with clients with speech disorders in clinical practica in Hunter College's Center for Communication Disorders ("CCD") and also in three different externship settings under the supervision of licensed and certified speech-language pathologists.

In the Spring 2010 semester, Plaintiff received a failing grade in the first clinical practicum in the SLP Program's course sequence (COMSC 728), which was subsequently changed to a passing grade after Plaintiff filed a grade appeal.  In Fall 2010, Plaintiff registered for the next clinical practicum in the prescribed sequence (COMSC 729).  Plaintiff received a failing grade in COMSC 729, which was later upheld on appeal.

After a lengthy leave of absence, Plaintiff returned to Hunter College in February 2012 to retake COMSC 729 under the supervision of a newly hired speech-language pathologist.  Significant deficiencies in Plaintiff's clinical performance were identified in a mid-term evaluation in March 2012.  Shortly after receiving her mid-term evaluation, Plaintiff requested a leave of absence, purportedly because of depression caused by the criticism of her clinical performance she had received from her clinical supervisor.  Hunter College permitted Plaintiff to withdraw from COMSC 729 and granted her a leave of absence through September 2012.

In August 2012, Plaintiff requested to return to the SLP Program in the Fall 2012 semester on the conditions that Hunter College permit her, as an accommodation for her disability (depression), to retake COMSC 729 as an externship or at a different school, and also permit her to take two non-clinical courses at the same time that she attempted to retake COMSC 729.  Both of these conditions were rejected on the grounds that they were contrary to long-standing policies and would fundamentally alter the nature of the SLP Program, and, to the extent Plaintiff sought to retake COMSC 729 at another institution, would create an undue burden.  Plaintiff refused Hunter College's alternate proposal, and, while she has not been dismissed, Plaintiff has not been enrolled in the SLP Program since March 2012.

**Plaintiff Cannot Establish A Triable Title IX Claim.**  To state a claim of gender-based harassment under Title IX, the plaintiff must demonstrate the existence of "sexual harassment . . . so severe, pervasive, and objectively offensive that it can be said to deprive the victims of access to the educational opportunities or benefits provided by the school."  Davis v. Monroe Cty. Bd. of Educ., 526 U.S. 629, 650 (1999).  See also Murray v. New York Univ. College of Dentistry, 57 F.3d 243, 248 (2d Cir. 1995) (holding that sexual harassment claims under Title IX are evaluated under the same standards as employment discrimination claims under Title VII).  "As a general rule, incidents [supporting a hostile work environment claim] must be more than episodic; they must be sufficiently continuous and concerted in order to be deemed pervasive."  Alfano v. Costello, 294 F.3d 365, 374 (2d Cir. 2002) (quotation and citation omitted).

Here, the conduct that Plaintiff has identified as constituting a hostile work environment consists of alleged statements by the CCD's Clinic Director made in furtherance of the SLP Program's dress code and other clinical policies that are simply not severe or pervasive enough to be actionable under Title IX.  For example, Plaintiff testified that the Clinic Director (1) "told [her] that he did not want [her] wearing [her] hair curly or in a ponytail;" (2) complained that he

Honorable Shira A. Scheindlin                                                          Page 3
March 28, 2014

did not like that women were wearing pants instead of dresses; and (3) complained that the students' pants were too tight and their shirts were "sloppy." Plaintiff also identified as constituting harassment a set of six emails that the Clinic Director sent her in November 2010 in which he raised concerns about specific incidents in which Plaintiff failed to meet her clinical responsibilities to maintain therapy room cleanliness and to complete and secure client charts. The emails contain no derogatory or insulting language and are written in an appropriate business-like manner.

Plaintiff also contends that her failing grade in COMSC 729 and criticism of her clinical performance by her clinical supervisor in Spring 2012 were the product of retaliation for complaints she made about the Clinic Director and her grade appeals in 2010. However, Plaintiff is unable to adduce any admissible evidence that any assessment of her clinical abilities in either the Fall 2010 or Spring 2012 semesters was causally connected to any protected activity. See Papelino v. Albany Coll. of Pharmacy of Union Unv., 633 F.3d 81, 91 (2d Cir. 2011) (plaintiff must demonstrate prima facie Title IX claim using the same elements as a Title VII claim including causal connection). Further, the evidentiary record and the testimony of the relevant clinical supervisors conclusively establish that Plaintiff's failing grade in COMSC 729 in Fall 2010 and unsatisfactory midterm evaluation in Spring 2012 were based solely on the professional judgment of the clinical supervisors.

**Plaintiff's Cannot Bring A § 1983 Disability Discrimination Claim.** Plaintiff asserts a § 1983 disability discrimination claim based on the Equal Protection Clause. However, "freedom from discrimination on the basis of disability is a right secured by statute," the Americans with Disabilities Act, that is not actionable under § 1983. Fierro v. N.Y. City Dep't of Educ., No. 13 Civ. 3637, 2014 U.S. Dist. LEXIS 13627, at *19-*20 (S.D.N.Y. Feb. 4, 2014). Further, even where courts have accepted the possibility of an Equal Protection Clause disability discrimination claim under § 1983, they have required the plaintiff to "prove that she was treated differently than similarly situated non-disabled persons on account of her disability." Doe v. City of New York, No. 05 CV 5439, 2009 U.S. Dist. LEXIS 130525, at *39 (E.D.N.Y. Nov. 10, 2009), report and recommendation adopted by, 2010 U.S. Dist. LEXIS 138705 (E.D.N.Y. Jan. 5, 2011). Failure to provide an accommodation, as Plaintiff alleges here, "cannot form the basis of an Equal Protection claim." O'Leary v. Town of Huntington, No. 11 CV 3754, 2012 U.S. Dist. LEXIS 126086, at *45 (E.D.N.Y. Sep. 5, 2012). Finally, even if Plaintiff could assert a denial of accommodation claim under § 1983, her request for accommodation was properly denied as it was unworkable and would fundamentally alter the SLP Program's curriculum requirements.

Respectfully,

s/Steven L. Banks
Steven L. Banks
Assistant Attorney General

cc:     Thomas Ricotta, Esq. (by ECF)