

14-3426-cv
Shalom v. Hunter College of the City Univ. of N.Y.

N.Y.S.D. Case #
13-cv-4667(SAS)

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of April, two thousand sixteen.

PRESENT:  JOHN M. WALKER, JR.,
          REENA RAGGI,
          CHRISTOPHER F. DRONEY,
              *Circuit Judges.*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: April 28, 2016

-----------------------------------------------------------
HOLLY SHALOM,

     *Plaintiff-Appellant*,

     v.             14-3426-cv

HUNTER COLLEGE OF THE CITY UNIVERSITY OF NEW YORK,

     *Defendant-Appellee*,

MARILYN IRIS AUERBACH, SUDI SHAYESTEH,

     *Defendants*.
-----------------------------------------------------------

FOR APPELLANT:  Holly Shalom, *pro se*, Merrick, New York.

FOR APPELLEE:   Barbara D. Underwood, Solicitor General; Anisha S. Dasgupta, Deputy Solicitor General; Eric Del Pozo, Assistant Solicitor General, *for* Eric T. Schneiderman, Attorney General of the State of New York, New York, New York.

1

Appeal from a judgment of the United States District Court for the Southern District of New York (Shira A. Scheindlin, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on August 13, 2014, is AFFIRMED.

Plaintiff Holly Shalom, proceeding pro se, appeals from an award of summary judgment in favor of defendant Hunter College on claims that Shalom was subjected to sexual harassment, a hostile educational environment, and retaliation in violation of Title IX of the Education Amendments of 1972 ("Title IX"), 20 U.S.C. § 1681 et seq.[1] We review a summary judgment award de novo, and will affirm only if the record, viewed in the light most favorable to the non-moving party, reveals no genuine issue of material fact. See Fed. R. Civ. P. 56; Lynch v. City of New York, 737 F.3d 150, 156 (2d Cir. 2013). We assume the parties' familiarity with the underlying facts and procedural history of the case, which we reference only as necessary to explain our decision to affirm for substantially the reasons stated in the district court's August 13, 2014 opinion and order.

1.  Sexual Harassment Claim

To prevail on a Title IX quid pro quo sexual harassment claim, a plaintiff must prove (1) rejection of sexual advances, (2) a tangible school-related consequence, and (3) a causal connection between the two. See Papelino v. Albany Coll. of Pharmacy of Union Univ., 633 F.3d 81, 89 (2d Cir. 2011). Upon de novo review, we conclude, as the district

---

[1] Shalom's counsel filed her opening brief, but she subsequently decided to proceed pro se. Because it is not clear whether Shalom intended her pro se reply brief to replace counsel's brief in its entirety, we have considered the arguments advanced in both.

court did, that Shalom's claim fails at the first issue because she testified at her deposition that Dr. Vogel never made a sexual advance toward her. Shalom contends on appeal that she misunderstood the "legal definition" of sexual advance at the time of her deposition and now thinks Dr. Vogel "made multiple implied sexual advances." Appellant Reply 13. Even if we could consider this new allegation on appeal, it fails to raise a triable issue of fact because it is entirely conclusory and unsupported by any facts. See Davis v. New York, 316 F.3d 93, 100 (2d Cir. 2002) (explaining, in case with pro se litigant, that mere allegations or conclusory statements unsupported by facts are insufficient to defeat motion for summary judgment).

2. Hostile Educational Environment Claim

We also conclude, as the district court did, that Shalom's hostile environment claim fails because Dr. Vogel's alleged comments about her dress and appearance were not "sufficiently severe or pervasive to alter the conditions of [her] educational environment." Papelino v. Albany Coll. of Pharmacy of Union Univ., 633 F.3d at 89. Shalom's receipt of a failing grade in her COMSC 728 class warrants no different conclusion. Although adverse treatment, even if "not overtly sexual in nature," can contribute to a hostile environment, that treatment must nonetheless be "on account of sex." Id. at 91 (internal quotation marks omitted). Here, Dr. Vogel's comments, especially when considered in light of his responsibility as clinic director to enforce the dress code, do not raise an inference that he gave Shalom a failing grade on account of her sex. The district court, therefore, correctly granted summary judgment as to Shalom's hostile environment claim.

3

3.  Retaliation Claim

With respect to retaliation, Shalom argues that the district court erred in concluding that she failed to demonstrate that the failing grade in COMSC 729 and the denial of her leave request in December 2012 were causally connected to her harassment complaints against Dr. Vogel in June 2010, January 2011, and April 2011.  See Papelino v. Albany Coll. of Pharmacy of Union Univ., 633 F.3d at 91 (explaining that plaintiff claiming retaliation under Title IX must make prima facie showing that (1) he engaged in protected activity, (2) defendant had knowledge of such protected activity, (3) plaintiff suffered adverse school-related action, and (4) causal connection existed between protected activity and adverse action).  We disagree.  While causality can be inferred where an adverse action follows closely after protected activity, Shalom received her failing grade at the end of the fall 2010 semester, at least five months after her first complaint, and her leave-of-absence request was denied over a year after her final complaint and the commencement of her Article 78 proceedings.  See Hollander v. Am. Cyanamid Co., 895 F.2d 80, 85–86 (2d Cir. 1990) (concluding that three-month lapse between protected activity and adverse act required something more to establish causal connection).

In any event, Shalom fails to show that defendant's legitimate, non-discriminatory reason for her grade—various supervisors' notation of Shalom's deficient performance—was pretextual.  See Papelino v. Albany Coll. of Pharmacy of Union Univ., 633 F.3d at 92 (explaining that burden-shifting framework under McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), applies to Title IX retaliation claims).  Accordingly,

4

the district court correctly awarded defendant summary judgment on Shalom's retaliation claim.

4. Remaining Claims

In her counseled brief, Shalom advances a disparate treatment theory of discrimination and asserts that defendant failed to accommodate her disability in violation of 42 U.S.C. § 1983. We decline to consider those arguments because Shalom (1) failed to defend her disparate treatment claim in opposing summary judgment, see Jackson v. Fed. Exp., 766 F.3d 189, 198 (2d Cir. 2014) (explaining that court may infer that claims not defended on summary judgment are abandoned); and (2) by letter dated April 23, 2014, explicitly withdrew her § 1983 claim before the district court.

5. Conclusion

We have considered all of Shalom's remaining arguments, in both her counseled and pro se briefs, and conclude that they are without merit.[2] Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court



---

[2] Because we conclude that Shalom failed to raise a triable issue of fact with respect to her sexual harassment, hostile environment, and retaliation claims, we need not consider whether defendant had "actual knowledge" of the alleged discrimination by Dr. Vogel, and "failed adequately to respond." Hayut v. State Univ. of N.Y., 352 F.3d 733, 750 (2d Cir. 2003) (internal quotation marks and alteration omitted) (explaining that under Title IX plaintiff must also prove school's deliberate indifference to harassment).

5

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit